IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEAN MILLER, By Parents and Natural Guardians of A.M., a Minor, and those similarly situated; APRIL MILLER, By Parents and Natural Guardians of A.M., a Minor, and those similarly situated; and A.M., A Minor;<br><br>Plaintiffs,<br><br>vs.<br><br>NORA BETH DORSEY, Special Masters, United States Federal Court of Claims; all acting in their individual and official capacities; ANN MARTIN, Secretary of Health and Human Services; all acting in their individual and official capacities; KENNETH C. FRAZIER, Merck; all acting in their individual and official capacities; EMMA WALMSLEY, Glaxosmith Kline; all acting in their individual and official capacities; EMILEE M. COOPER, All acting in their individual and official capacities; JENNIFER R. SHAFER, MD; all acting in their individual and official capacities; and LINCOLN FAMILY MEDICAL CENTER, all acting in their official and individual capacities;<br><br>Defendants. | 4:18CV3031<br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the Complaint (filing no. 1) filed by the plaintiffs Sean Miller and April Miller on behalf of A.M., a minor (collectively

"the plaintiffs"), and "those similarly situated."[1] The court granted Plaintiff Sean Miller leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Sean Miller ("Sean") and April Miller ("April") are the biological parents and legal guardians of A.M. The plaintiffs bring this action against the Defendants[2] alleging deprivations of their rights under the Fifth and Eighth Amendments to the United States Constitution, violations of the National Vaccine Injury Compensation Program (hereinafter "the Vaccine Act"), 42 U.S.C. §§ 300aa-1 to 34; and claims of intentional infliction of emotional distress, medical malpractice, and negligence.

According to the Complaint and the documents attached thereto, Sean and April filed a petition in 2016 in the U.S. Court of Federal Claims on behalf of their minor daughter, A.M., pursuant to the Vaccine Act, alleging that A.M. suffered autism spectrum disorder ("ASD") and brain damage because of BOOSTRIX[3] vaccinations she received on June 18, 2014, and August 21, 2014. Defendants Emilee Cooper ("Cooper") and Jennifer Shafer, M.D. ("Shafer") administered the

---

[1] The Complaint is signed only by Sean Miller purportedly on behalf of "Sean and April Miller for A.M." (Filing No. 1 at CM/ECF p. 8.)

[2] The Defendants include two federal government officials, Nora Beth Dorsey, Special Chief Master of the United States Federal Court of Claims, and Ann Martin, Attorney for the United States Secretary of Health and Human Services; two CEOs of companies that manufacture the vaccine BOOSTRIX, Kenneth C. Frazier and Emma Walmsley; and two medical professionals employed at Lincoln Family Medical Center, Emilee Cooper and Jennifer Shafer, M.D.

[3] BOOSTRIX is "a vaccine indicated for active booster immunization against tetanus, diphtheria, and pertussis," also known as DTAP. (Filing No. 1 at CM/ECF pp. 6–7.)

BOOSTRIX vaccinations to A.M. at the Lincoln Family Medical Center in Lincoln, Nebraska. Defendant Chief Special Master Dorsey presided over the Federal Claims Court proceedings and Defendant Ann Martin ("Martin") represented the respondent Secretary of Health and Human Services in the Federal Claims Court proceedings. Ultimately, Chief Special Master Dorsey issued an order dismissing the plaintiff's petition "due to [the plaintiffs] not providing 'expert testimony'" to show the vaccinations A.M. received caused her injuries.[4] ([Filing No. 1 at CM/ECF p. 5](#).) Thereafter, the plaintiffs filed a Notice of Election to File a Civil Suit. (*[Id](#)*.)

The plaintiffs allege Chief Special Master Dorsey and Martin violated their Fifth Amendment due process rights by not considering the plaintiffs' evidence of reports from reliable sources and agency experts, as well as the ingredients and label warnings directly provided by the vaccine manufacturers, which proves causation in fact. (*[Id](#)*. at CM/ECF p. 6.) The plaintiffs further allege Cooper and Shafer violated their Eighth Amendment rights to be free from cruel and unusual punishment and were negligent when they administered the BOOSTRIX vaccine to A.M. and failed to give proper notice to Sean and April of the vaccine's adverse effects and contraindications for use in children under the age of 10. The plaintiffs also claim the vaccine manufacturer defendants, Kenneth C. Frazier, CEO of Merck ("Frazier"), and Emma Walmsley, CEO of GlaxosmithKline ("Walmsley"), were negligent in failing to notify medical providers of the dangers associated with their products.

As relief, the plaintiffs seek a declaration against Chief Special Master Dorsey and Martin that the vaccines injured A.M. The plaintiffs also seek declaratory and injunctive relief against Frazier and request a declaration that

---

[4] The decision of Chief Special Master Dorsey is available to this court online through the federal courts' PACER system and the court will take judicial notice of the decision and the docket sheet in Case No. 1:16-vv-008833-NBF. *See [Stutzka v. McCarville](#)*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

"BOOSTRIX is unsafe for children under the age of 10 and can cause severe side effects, such as brain damage and Autism [and a] recall [of] BOOSTRIX products from children's clinics." (*Id.* at CM/ECF p. 7.) The plaintiffs also seek compensatory damages in the amount of $5,000,000 from Frazier and Walmsley "for the pain and suffering inflicted on all plaintiffs . . . [and] plaintiff A.M. to have to endure a lifetime disability." (*Id.* at CM/ECF pp. 7–8.) Lastly, the plaintiffs seek $10,000,000 in compensatory and punitive damages against Cooper and Shafer for negligence.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

4

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construed, the plaintiffs have brought claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. §§ 1983 and 1985 for alleged violations of their civil rights and their rights under the Vaccine Act.

### I. Overview of the Vaccine Act

The Vaccine Act sets forth a method for compensation for vaccine-related injuries or death. 42 U.S.C. § 300aa–11. Congress enacted the Vaccine Act to streamline the process of seeking compensation for vaccine-related injuries and to avoid the inconsistency, expense, and unpredictability of the tort system. *See Shalala v. Whitecotton*, 514 U.S. 268, 270 (1995) ("For injuries and deaths traceable to vaccinations, the Act establishes a scheme of recovery designed to work faster and with greater ease than the civil tort system."). Under the Vaccine Act, plaintiffs may not file a civil action in state or federal court against a vaccine manufacturer or administrator unless they first file a timely petition in the Court of Federal Claims. *See* 42 U.S.C. § 300aa-11(a)(2)(A); *Whitecotton*, 514 U.S. at 270, (explaining that a claimant alleging an injury after the Vaccine Act's effective date "must exhaust the Act's procedures . . . before filing any *de novo* civil action in state or federal court"). After proceeding through the Court of Federal Claims, a claimant may pursue a civil tort action in either state or federal court by filing a notice of election to file a civil suit. 42 U.S.C. § 300aa–21(a).

Here, the plaintiffs have alleged they exhausted the Vaccine Act's procedures before filing this action. As explained below, however, the plaintiffs' Complaint suffers from several defects, and the court finds that dismissal of this action is appropriate.

**II. Representation of A.M. by Sean and April**

According to the caption of the Complaint, this action is purportedly brought by Sean and April on behalf of A.M. "and those similarly situated," and only Sean has signed the Complaint. ([Filing No. 1](#).) Liberally construed, Sean and April also seek relief on their own behalf. (*See [Id.](#) at CM/ECF p. 7* (seeking damages "for the pain and suffering inflicted on all plaintiffs to have to endure a lifetime disability").) There are three problems with this.

First, pro se litigants may not represent the interests of other parties. *[Litschewski v. Dooley](#)*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed.Appx. 630 (8th Cir. 2013). Indeed, "[n]on-attorney parents generally may not litigate the claims of their minor children in federal court." *[Nunley v. Erdmann](#)*, No. C14-4016-MWB, 2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) (quoting *[Myers v. Loudoun Cnty. Public Schools](#)*, 418 F.3d 395, 401 (4th Cir. 2005) (citing cases in other circuits)). "While there are some situations in which parents may bring *pro se* claims on behalf of their children— such as an application for Social Security benefits—'no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law.'" *[Id.](#)* (quoting *[Elustra v. Mineo](#)*, 595 F.3d 699, 705 (7th Cir.2010)).

Second, to the extent Sean and April are seeking relief in their own right, Sean may not sign the Complaint on behalf of himself and April. [Federal Rule of Civil Procedure 11(a)](#) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. Rule 11(a) helps to

ensure that pro se parties consent to the filing of documents on their behalf. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1–2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). Also, it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)).

Third, the plaintiffs cannot litigate claims on behalf of a purported class of "similarly situated" individuals. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; *see also* 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se").

Notwithstanding these defects, the Complaint's allegations fail to state a plausible federal-law claim for relief against any of the Defendants.

## III. Claims Against Chief Special Master Dorsey and Martin

The plaintiffs have sued Chief Special Master Dorsey and Martin (collectively "the Federal Defendants") in their official and individual capacities for declaratory relief, alleging the Federal Defendants violated the plaintiffs' Fifth Amendment due process rights in connection with the Federal Claims Court proceedings under the Vaccine Act. Because Chief Special Master Dorsey and Martin are federal officials, the plaintiffs' claims against them arise under *Bivens*, *supra*. However, while a *Bivens* action may be maintained against federal officials in their individual capacity for constitutional torts committed personally, such an action may not be asserted against the United States, its agencies, or against federal employees in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 473, 484–86 (1994); *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909

7

(9th Cir.2003), *cert. denied*, 541 U.S. 1041 (2004). Thus, the plaintiffs' *Bivens* action does not state a viable cause of action against the defendants in their official capacity. *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d at 909.

In their individual capacities, Chief Special Master Dorsey and Martin would be shielded by absolute immunity *if* the plaintiffs were seeking damages from them. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges are entitled to absolute judicial immunity from damages for acts taken while in their judicial capacity unless they acted in the clear absence of all jurisdiction, and absolute judicial immunity is not overcome by allegations of bad faith or malice); *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988) (citing *Barrett v. United States*, 798 F.2d 565, 571–73 (2d Cir. 1986)) (government defense counsel's "function as a government advocate entitles him or her to absolute immunity from suit for damages"). Because the plaintiffs only seek declaratory relief against the Federal Defendants, absolute immunity does not bar their claims. *See Moore v. Gerrard*, No. 4:15CV3140, 2016 WL 8376696, at *2 (D. Neb. Feb. 22, 2016), *aff'd*, 667 F. App'x 582 (8th Cir. 2016) (citing *Lawrence v. Kuenhold*, 271 Fed.Appx. 763, 766 (10th Cir. 2008)). Nonetheless, the plaintiffs are not entitled to declaratory relief.

The plaintiffs ask for a declaration that the vaccines mentioned in the Complaint injured A.M., contrary to Chief Special Master Dorsey's conclusion in the Federal Claims Court proceedings. (Filing No. 1 at CM/ECF p. 7.) Essentially, the plaintiffs ask the court to declare that the Federal Defendants violated the plaintiffs' due process rights and the Vaccine Act in concluding that the vaccines did not injure A.M. This is a request for a declaration of past liability and such declaration would not pertain to the plaintiffs' future rights. *Lawrence*, 271 Fed.Appx. at 766 ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act."). Thus, a declaratory judgment would serve no

8

purpose and is not available. *Id.*; *see also Moore, supra*. The plaintiffs' claims against the Federal Defendants must therefore be dismissed.

**IV. Claims Against Cooper and Shafer**

Liberally construed, the plaintiffs allege Eighth Amendment constitutional claims against Cooper and Shafer. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Here, the plaintiffs allege § 1983 claims against Cooper and Shafer for violating their Eight Amendment rights to be free from cruel and unusual punishment but fail to allege that Cooper and Shafer are state actors or that their conduct is attributable to the state. *See West*, 487 U.S. at 49 ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"); *see also Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983."). Rather, the Complaint's allegations indicate that Cooper and Shafer are medical professionals employed at Lincoln Family Medical Center, which appears to be a private medical practice in Lincoln, Nebraska. These allegations are insufficient to suggest that Cooper and Shafer were "acting under color of state law," 42 U.S.C. § 1983, and the Complaint fails to state a plausible § 1983 claim.

Even if the plaintiffs had sufficiently alleged that Cooper's and Shafer's conduct is attributable to the state, the Complaint's allegations fail to establish a

9

plausible Eighth Amendment claim. The plaintiffs' allegations as to Cooper and Shafer amount to, at most, negligence. Negligence is not enough to establish an Eighth Amendment violation. *See Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997). In addition, the Complaint's allegations fail to indicate that the Eighth Amendment's substantive limits on state action are even implicated as the plaintiffs do not allege that the State was exercising any custody or control over A.M. with respect to the provision of the vaccines. S*ee DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989) ("[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause."). Accordingly, the court will dismiss the plaintiffs' Eighth Amendment claim against Cooper and Shafer.

**V. Conspiracy Claims**

Liberally construed, the plaintiffs allege the Defendants conspired to violate their rights. (*See* Filing No. 1 at CM/ECF p. 1 ("Plaintiff(s) . . . brings this action to obtain redress for the deprivation and conspiracy to deprive Plaintiff(s) of their federally protected rights . . ."); *id*. at CM/ECF p. 2 ("[T]his action seeks redress and damages for violation of . . . 42 U.S.C. § . . . 1985 . . .").)

Only 42 U.S.C. § 1985(3) appears applicable to the plaintiffs' claims. The Eighth Circuit Court of Appeals interprets § 1985(3) as follows:

> In order to prove the existence of a civil rights conspiracy under § 1985(3), the [plaintiffs] must prove: (1) that the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws," (3) that one

10

or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was "injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States."

*Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc) (quoting 42 U.S.C. § 1985(3)). Additionally, "[t]he 'purpose' element of the conspiracy requires that the plaintiff prove a class-based 'invidiously discriminatory animus.'" *Id.* (internal quotation marks omitted).

A review of the plaintiffs' Complaint reveals that they have asserted no factual allegations suggesting a racial or other class-based invidiously discriminatory animus. Moreover, the plaintiffs' bare, conclusory allegations that there was a conspiracy to deprive them of their rights are insufficient to state a claim for relief. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam) (complaint subject to dismissal if allegations of conspiracy are inadequate; plaintiff must allege facts suggesting mutual understanding between defendants or meeting of minds). Therefore, the plaintiffs have not alleged a claim on which relief may be granted pursuant to 42 U.S.C. § 1985(3).

To the extent the plaintiffs premise a claim for conspiracy to violate their civil rights on 42 U.S.C. § 1983, such claim also fails. "To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show that the defendant conspired with others to deprive him or her of a constitutional right, that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy, and that the overt act injured the plaintiff." *Steckelberg v. Rice*, 184 F. Supp. 3d 746, 758–59 (D. Neb. 2016), *aff'd*, 878 F.3d 630 (8th Cir. 2017) (citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)). The plaintiffs must also "prove a deprivation of a constitutional right or privilege." *Id.* As discussed above, the plaintiffs have not stated a due process or Eighth Amendment claim upon which relief may be granted against the Defendants, nor have they alleged specific

11

facts suggesting a conspiracy. Thus, the plaintiffs have not stated a conspiracy claim under § 1983.

**VI. State Law Claims**

As stated, the plaintiffs have failed to state any plausible federal-law claims upon which relief may be granted, and the court has determined that any attempt by the plaintiffs to amend their federal-law claims would be futile. Thus, the only remaining claims in this case are the plaintiffs' state-law tort claims for intentional infliction of emotional distress, medical malpractice, and negligence against Cooper, Shafer, Frazier, and Walmsley. Contrary to the plaintiffs' assertions, the court cannot exercise jurisdiction over these state-law claims under 28 U.S.C. § 1332 as complete diversity of the parties is lacking. The plaintiffs are residents of Nebraska, and the only reasonable inference from the Complaint's allegations is that Cooper and Shafer are also Nebraska residents. (*See* Filing No. 1 at CM/ECF pp. 2–3.) The question thus becomes whether the court should exercise supplemental jurisdiction over the plaintiffs' state-law claims.

Under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. *See Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1045 (8th Cir. 2014). While this determination is a matter of discretion for the court, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent [or supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The court has weighed each of these factors and finds it appropriate to dismiss such claims without prejudice to refiling in state court.

12

The court notes that the tolling provision in 28 U.S.C. § 1367(d) will aid the plaintiffs in avoiding statute-of-limitations problems if they choose to file their negligence claims in state court. *See* 42 U.S.C.A. § 300aa-16 (state-law limitations period stayed from the time a petition is filed under the Vaccine Act until an election to file a civil action is made); Neb. Rev. Stat. § 25-207 ("an action for an injury to the rights of the plaintiff" can be brought within four years); Neb. Rev. Stat. § 25-222 (medical malpractice action must be "commenced within two years next after the alleged act or omission"); 28 U.S.C. § 1367(d) ("The period of limitations for any claim [asserted as a supplemental claim] under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

> In § 1367(d), Congress did provide for tolling not only while the claim is pending in federal court, but also for 30 days thereafter. Including the 30 days within § 1367(d)'s tolling period accounts for cases in which a federal action is commenced close to the expiration date of the relevant state statute of limitations. In such a case, the added days give the plaintiff breathing space to refile in state court.

*Artis v. District of Columbia*, 138 S. Ct. 594, 605 (2018) (noting that tolling provision in section 1367(d) promotes fair and efficient operation of federal courts because it provides option to federal judges debating whether to retain jurisdiction over supplemental state-law claims that might be time-barred in state court, and it discourages plaintiffs from simultaneously litigating federal and state claims arising from same episode in both state and federal forums).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice as to the federal-law claims and without prejudice to reassertion of the state-law claims in state court.

2. A separate judgment will be entered.

Dated this 5th day of October, 2018.

> BY THE COURT:
>
> s/ *Richard G. Kopf*
> Senior United States District Judge